Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2707 | **DATE** | May 2, 2012 |
| **CASE TITLE** | Charles Perkins (2011-11280056) v. Cook County Municipality, et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The initial filing fee is waived. The Court orders the trust fund officer at Cook County Jail to collect monthly payments from Plaintiff's trust fund account as stated below. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions, and a copy of this order. If Plaintiff does not timely comply with this order, this case shall be dismissed on the understanding that Plaintiff does not wish to proceed with this action in federal court at this time.

■[For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff, Charles Perkins, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that he is "challenging conditions of confinement because he was housed in [a] condemned building" at Cook County Jail. He alleges that the Division Three housing unit had no hot water, that he did not receive any cleaning supplies, that rodents were present in the unit, and water entered through the roof when it rained. While the statement of the claim does not indicate when he was housed in this unit, the top of the page of the statement of the claim indicates "happen 2011 of March through October." Plaintiff names Cook County, Sheriff Thomas Dart, Cook County Board president Toni Preckwinkle, and the United States Justice Department as Defendants.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir.

## STATEMENT

2004). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).

Plaintiff must submit an amended complaint for the reasons set forth below.

First, Plaintiff's minimal allegations do not sufficiently state a claim. It is unclear of the time frame in which Plaintiff alleges he was housed in the alleged unconstitutional conditions and it is also unclear whether Plaintiff was housed in the same cell for the one mentioned time period and whether all of the alleged unconstitutional conditions existed in all cells he was housed in. Because the specific conditions of confinement and the length of time a detainee is housed in the alleged unconstitutional conditions, Plaintiff's minimal allegations are insufficient to provide the Defendants adequate notice of the claims against them. *See Wilson v. Seiter*, 501 U.S. 294, 299-302 (1991) (the alleged deprivation – the condition itself – must be sufficiently serious to rise to the level of a constitutional violation); *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (the Constitution "does not mandate comfortable prisons," and only those deprivations denying the "minimal civilized measures of life's necessities" are serious enough to implicate the Constitution).

Plaintiff also names improper Defendants. The President of the County Board cannot be held liable for the actions of the Sheriff's Department. Illinois law specifically provides that the Cook County Department of Corrections is a department created within the office of the Cook County Sheriff. *See* 55 ILCS 5/3-15002 and 15003 (2004). Policies concerning jail operation "are solely under the supervision" of the Sheriff as "an independently-elected constitutional officer." *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000), *quoting Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). It is the Sheriff who has final policymaking authority over jail operations, not the Cook County Board or its president. *Wade v. Stroger*, No. 98 C 4262, 2000 WL 992286, at *3 (N.D. Ill. June 22, 2000) (Zagel, J.). The President of the County Board cannot be held liable for any constitutional violations Plaintiff may be enduring while in the custody of the Cook County Department of Corrections. *Id.*

In addition, Plaintiff seeks injunctive relief against the United States Department of Justice for failing to maintain "supervisory protection for U.S. citizen's human rights and civil liberties." Plaintiff provides no basis of liability as to the U.S. Department of Justice and it would also be immune from suit. "It is a basic tenet of constitutional law that, (The United States) is immune from suit save as it consents to be sued." *Cole v. United States*, 657 F.2d 107, 109 (7th Cir.1981) (internal quotation marks omitted). In fact, "the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). A plaintiff who sues the United States bears the burden of establishing that a congressional act provides consent. Cole, 657 F.2d at 109. Plaintiff provides no basis for the United States to be sued for the conditions of his confinement in a county jail.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to file an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

If Plaintiff does not timely comply with this order, this case shall be dismissed on the understanding that Plaintiff does not wish to proceed with this action in federal court at this time.