UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHARLES PERKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 12 C 2707 |
| | ) |
| **COOK COUNTY MUNICIPALITY, et al.,** | ) Hon. Ronald A. Guzmán |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Charles Perkins, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was housed under unconstitutional living conditions while detained at Cook County Jail. This matter is before the court for ruling on Defendants' motion to dismiss, which was converted to a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. Plaintiff was allowed to respond to the converted motion but failed to do so. Because the Court has concluded that no genuine issue of material fact exists with respect to the exhaustion issue, no hearing is required. *Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009). For the reasons stated below, Defendants' motion is granted.

**STANDARD OF REVIEW**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence of a genuine issue of material fact, a court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Weber v. Univs. Research Assocs., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in

his favor." *Anderson*, 477 U.S. at 255. The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted).

As indicated, Defendants' motion to dismiss was converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). Although given the opportunity to respond to both motions, Plaintiff did not respond to either. Accordingly, the facts presented by Defendants that are supported by their exhibits included with their motion are deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

## FACTS

Plaintiff was admitted and detained at Cook County Jail ("Jail") on two separate occasions between 2010 and 2011. (Defs.' Ex. A, Mueller Aff., ¶ 13 at PageID # 87.) Specifically, he was an inmate at the Jail from April 23, 2010 to June 24, 2011 and was housed in Division One. (Def.'s Ex. A-1, Inmate Classification Report, at PageID # 89.) He also was detained at the Jail from October 18, 2011 to November 1, 2011, and was placed in Division Three for approximately three days and then was transferred to Division Five. (*Id.*, at PageID # 90.) In his complaint, Plaintiff alleges that he was housed under unconstitutional conditions during both detentions. (Compl., Dkt. # 7.) He alleges that leaking water from the ceiling into the day room and the cells made the Jail uninhabitable, the water at the Jail was non-potable and he had medical issues that were not attended to. (*Id.*)

The Jail has a grievance procedure established by General Order 14.5, which was later superseded by Sheriff's Order 11.14.5.0. (Defs.' Ex. A, Mueller Aff., ¶¶ 5,6 at PageID ## 85-86.) The grievance procedure provides that detainees are to file a grievance within 15 days of the event they are grieving. (*Id.* ¶ 8 at PageID # 86.) A review of Plaintiff's Jail records for both of his detentions revealed that Plaintiff filed one grievance, on September 30, 2010, during his two detentions. (*Id.* ¶¶ 14-18 at PageID at 87.) The one grievance that Plaintiff filed was processed as a "request." (*Id.* ¶ 16 at PageID # 17.) The grievance addressed Plaintiff's complaints about a particular correctional officer's purported disruptive behavior, including keeping certain inmates in restrictive confinement, and did not address the issues raised in his amended complaint. (Def.'s Ex. B-1, Pl.'s 9/30/10 Grievance, at PageID # 101.)

In his deposition, Plaintiff testified that he was unable to file a grievance while housed in Division Three. (Def.'s Ex. B, Perkins Dep. at 36-39.) Plaintiff was housed in Division Three for approximately three days. (Def.'s Ex. A-1, Inmate Classification Sheet, at PageID # 90.)

## **ANALYSIS**

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner/detainee suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that a plaintiff has failed to exhaust his administrative remedies. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536-37 (7th Cir. 1999).

A detainee must take all the steps required by the institution's grievance system in order to

3

exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a detainee's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d 536-37.

To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25.

However, a prisoner need only exhaust the administrative remedies that are "available" to him. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Pozo*, 286 F.3d at 1024-25. A prison employee who prevents a prisoner access to a remedy can render that remedy unavailable, and, under such circumstances, a failure to exhaust would not bar filing suit. *See Pavey*, 544 F.3d at 742; *Dale*, 376 F.3d at 656. Failure to exhaust administrative remedies is an affirmative defense; correctional officials have the burden of proving that the inmate had available remedies that he did not utilize. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Dale*, 376 F.3d at 655.

As discussed above, Defendants have demonstrated that Plaintiff did not exhaust his administrative remedies regarding the allegations in his amended complaint during either of his detentions at the Jail. While Plaintiff testified he was unable to file a grievance while in Division Three, he was only in that division for approximately three days and he did not testify that he was unable to file a grievance in other divisions. Indeed, he filed a grievance on September 30, 2010 regarding a different issue during his first detention. Thus, the grievance procedure was available

4

to Plaintiff and he failed to utilize it before filing the instant lawsuit.

## CONCLUSION

Even viewing the materials in the light most favorable to Plaintiff, the Court concludes that Plaintiff failed to exhaust his administrative remedies. For the foregoing reasons, Defendants' motion for summary judgment is granted.

If Plaintiff wishes to appeal this final order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

IT IS THEREFORE ORDERED that Defendant's motion to dismiss [36], which was converted to a motion for summary judgment, is granted. Plaintiff's complaint is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(2). Civil case is terminated.

**Dated**: September 13, 2013

_____
**District Judge Ronald A. Guzmán**